# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DONALD SEOANE; A.L.S.; A.J.S.;
and S.F.S.,

     Plaintiffs,

     v.

HOLLY MARIE NEWMAN
DERENTHAL; CHRISTY CHANEL
COLLINS; and LISA TAYLOR
MUNYON,

     Defendants.

Case No. 6:23-cv-1906-WWB-RMN

## <u>REPORT AND RECOMMENDATION</u>

Donald Seoane, appearing *pro se*, has filed a civil complaint against Judge Holly Marie Newman Derenthal, Judge Christy Chanel Collins, and Chief Judge Lisa Taylor Munyon of the Ninth Judicial Circuit Court of Florida, along with Governor Ron DeSantis, Attorney General Ashely Moody, and twenty-one other individuals. (Dkt. 1). Mr. Seoane has also filed a Motion to Proceed *in forma pauperis* ("IFP Motion"). (Dkt. 2). Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint with leave to file an amended complaint.

## I.   LEGAL STANDARDS

While reviewing the allegations in the Complaint and the IFP Motion, the Court must consider the standards below.

### A.   Subject Matter Jurisdiction Standards

Federal courts have an independent duty to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction under 28 U.S.C. § 1331 "aris[es] under the Constitution, laws, or treaties of the United States." Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and defendants. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no plaintiff may be a citizen of the same state as any defendant. Id.

"The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).  If the Court determines it lacks jurisdiction, it must dismiss the action, Fed. R. Civ. P. 12(h)(3), without

prejudice. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## B. Pleading Standards

A complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the

defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

## C.   Liberal Construction Standards

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## D.   In Forma Pauperis Standards

A court may authorize a plaintiff to initiate a lawsuit without prepaying fees. 28 U.S.C. § 1915(a)(1). While a litigant need not show he is "absolutely destitute," he must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

That said, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, before a plaintiff may proceed in forma pauperis, a court must review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim upon

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II. ANALYSIS

The resolution of Plaintiff's IFP Motion turns on the adequacy of the Complaint. The Complaint begins with an introduction and lists a number of claims as: (1) Due Process (Fifth and Fourteenth Amendments); (2) Equal Protection (Fourteenth Amendment); (3) First Amendment (Free Speech); (4) Sixth Amendment (Right to a Fair Trial); (5) Seventh Amendment (Right to a Jury Trial); (6) Fourth Amendment (Protection Against Unreasonable Searches and Seizures); (7) Eighth Amendment (Protection Against Cruel and Unusual Punishment); (8) Fifth Amendment (Protection Against Self-Incrimination); (9) Felony Conspiracy; (10) Felony Perjury; (11) Felony Fraud; (12) Organized Fraud; (13) Violating Oath of Office; (14) Treason; (15) False Reports to DCF; (16) Failure to Report Child Abuse to DCF; (17) Failure to Report Sexual Battery; (18) Failure to Report a Case of Known or Suspected Abuse, Neglect or Exploitation of a Vulnerable Adult or Preventing Someone Else from Doing So; (19) Civil Rights Conspiracy Under; (20) Complaint for Intentional Infliction of Emotional Distress; and (21) Complaint for Abuse of Process. Dkt. 1 at 5–10.

Then the Complaint goes on to list several alleged causes of actions as: (1) Declaratory Relief; (2) Breach of Contract – Contractual Obligation – Legal Obligation and Legal Duty; (3) 42 U.S.C. § 1983 Violation of Substantial Due Process State Created Danger Under DeShaney; (4) Violation of First and Fourteenth Amendment Right to a Proper Remedy, Redress and Relief – Violation of Fourteenth Amendment Protection of Laws; (5) 42 U.S.C. § 1983 Conspiracy; (6) Intentional Infliction of Emotional Distress; and (7) 42 U.S.C. § 1988 Attorney Fees. Dkt. 1 at 101–50.

Not only are some of the claims and causes of action improper, but the Complaint fails to comply with the procedural rules and thus, is an impermissible shotgun pleading. [1]

**A.     The complaint is a shotgun pleading.**

Even construing the Complaint liberally to account for Plaintiff's *pro se* status, the Court cannot decipher the grounds upon which Plaintiff wishes to specifically sue each of the twenty-six named Defendants. The first 100 pages of the Complaint contain introductions, claims, information on jurisdiction and the parties, facts, various legal doctrines, general allegations, and factual allegations. Dkt. 1 at 1–100. Then the seven causes of actions are listed (Dkt.

---

[1] Because this Report recommends dismissing the Complaint due to shotgun pleading standards, it does not reach the ultimate issue of whether the Complaint states a claim for relief for each cause of action.

1 at 101–50) before alleged reasons why Defendants are not able to assert various types of immunity (*id.* at 151–53). The Complaint appears to end at page 157 and then there are 651 pages of additional documents, including state court documents, pictures, screenshots of text messages, and email correspondence (*id.* at 158–808).

The Eleventh Circuit has repeatedly condemned shotgun pleadings. In fact, the Eleventh Circuit has acknowledged it "thirty-year salvo of criticism aimed at shotgun pleadings" and identified four categories. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Plaintiff's Complaint fits squarely into at least three of the categories identified as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; it is "one that commits the sin of not separating into a different count each cause of action or claim for relief"; and it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

In other words, the Complaint here is rife with immaterial facts not clearly connected to a particular claim or cause of action. The Complaint fails to precisely parcel out and identify facts relevant to each of his purported claims. And the Complaint also fails to separate into different counts the various claims asserted to each Defendant, depriving the Defendants of

"adequate notice of the claims" asserted and the grounds supporting each claim. *Id.* at 1323. As a result, the Court and Defendants face the onerous and likely hopeless task of sifting through the Complaint to determine which facts are relevant to each cause of action. This manner of pleading contravenes the mandate of the Federal Rule of Civil Procedure 8(a) that pleadings contain "short and plain" statements "showing that the pleader is entitled to relief" for the asserted claim. Fed. R. Civ. P. 8(a)(2). Because the Complaint is altogether unacceptable, the Court should require Plaintiff to replead. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). If Plaintiff chooses to replead, his amended complaint must clearly identify each claim for relief—and to which Defendant they apply—and must clearly delineate which factual allegations are relevant to each claim.

## B.   The complaint does not assert a basis for subject-matter jurisdiction.

Even if the Court were to reach the ultimate issue of whether the Complaint states a claim for relief for each cause of action, the Complaint does not appear to contain a basis for this Court's subject matter jurisdiction. The Complaint indicates that Plaintiff is trying to bring a 42 U.S.C. § 1983 action under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. 1 at 72. But Plaintiff lists ten state court cases in the Circuit Court of the

Ninth Judicial Circuit in and for Osceola County, Florida that appear to give rise to the factual basis of his claims. Dkt. 1 at 12–14.[2]

Federal district courts are courts of limited jurisdiction and, even if a case may fall within that limited scope, they must nonetheless abstain from hearing a federal case that interferes with pending state proceedings. That principle is called the *Younger* abstention doctrine. In a case called *Younger v. Harris*, the Supreme Court held that a federal district court must not interfere with pending criminal state court proceedings except under certain special circumstances.[3] 401 U.S. 37, 53–54 (1971). Although *Younger* involved a criminal proceeding, its principles have been interpreted to be "fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Such abstention is required by "a proper respect for state functions" and "the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 53–54. Consequently, under the

---

[2] The state court proceedings can be found by searching the case number at https://courts.osceolaclerk.com/BenchmarkWeb/Home.aspx/Search.

[3] There are no special circumstances in this case that would warrant an exception to *Younger* abstention.

*Younger* abstention doctrine, this Court is prohibited from interfering with Plaintiff's claims relating to his pending state court proceedings.[4]

Further, to the extent Plaintiff's case is challenging state court proceedings that have ended,[5] federal district courts lack jurisdiction to review final judgments of state courts. Under what is known as the *Rooker-Feldman* doctrine, district courts lack jurisdiction where "the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). In other words, federal courts lack jurisdiction to review final judgments of state courts. The doctrine takes its name from two U.S. Supreme Court cases in which it was applied, *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In *Rooker*, the plaintiffs brought suit in federal district court seeking to have a state court judgment, which had been affirmed by the state's highest court, "declared null and void" on the grounds that it violated the

---

[4] Plaintiff references the following ongoing state court proceedings in the Complaint that the undersigned was able to locate: (1) 2022-DR-002336; (2) 2023-CC-003494; (3) 2023-CC-003521; (4) 2023-CC-003523; (5) 2023-CC-003856.

[5] Plaintiff references the following closed state court proceeding in the Complaint that the undersigned was able to locate: 2022-MM-000984.

United States Constitution. 263 U.S. at 414–15. The district court dismissed the suit for lack of jurisdiction. *Id*. at 415. The Supreme Court affirmed, explaining that the jurisdiction of federal district courts is strictly original. *Id*. at 416. To allow a district court to "reverse or modify the judgment" of a state court would be an exercise of appellate jurisdiction, thus exceeding the powers of the district courts. *Id*. The Supreme Court held that the suit, which was "merely an attempt to get rid of the judgment for alleged errors of law committed in the exercise of [the state courts'] jurisdiction," was not within the "strictly original" jurisdiction of federal district courts. *Id*. Therefore, Plaintiff's claims that are seeking to overturn the final judgment of a state court are barred by the *Rooker-Feldman* doctrine.[6]

### III.   CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1.     Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 2) be **DENIED**;

2.     Plaintiff's Complaint (Dkt. 1) be **DISMISSED without prejudice**; and

---

[6] The claims are also likely barred by the Anti-Injunction Act, 28 U.S.C. § 2283, which prohibits federal courts from enjoining state court proceedings except in three narrow circumstances not present here.

3.      Plaintiff be **granted** leave to file an amended complaint that is not a shotgun pleading and raises claims that are not barred.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on October 27, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Wendy W. Berger

Donald Seoane
1970 East Osceola Parkway #113
Kissimmee Florida 34743